## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

| | |
|---|---|
| **KENNETH MYERS,** | |
| Plaintiff, | |
| v. | CIVIL ACTION NO.: 3:17-CV-122 (GROH) |
| **GENERAL MOTORS,** | |
| Defendant. | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Pending before the Court is Plaintiff Kenneth Myers' ("Plaintiff") *pro se* Motion [ECF No. 5] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's *pro se* Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that Plaintiff's Complaint fails to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's Complaint be dismissed, without prejudice, and Plaintiffs' motion to proceed *in forma pauperis* be denied as moot.

### II. THE COMPLAINT & PROCEDURAL HISTORY

On August 30, 2017, Plaintiff was driving to his home in Keyser, West Virginia, from work in Winchester, Virginia, where he was employed at Rubber Maid. During the roughly seventy-mile drive, Plaintiff noticed something burning under the hood of his

---

[1] This motion was referred to the undersigned by order dated February 6, 2018. Order of Referral, ECF No. 7.

2002 Chevrolet Impala. Suddenly, smoke started pouring into the cabin of his vehicle, causing him to choke. The smoke was so intense that Plaintiff was forced to stop his car in the middle of the road and run for safety. Soon, Plaintiff's vehicle was engulfed in flames.

On October 10, 2017, Plaintiff filed the instant *pro se* Complaint alleging that General Motors ("GM") knew about an alleged ignition defect two months before issuing a recall. In addition, Plaintiff claims that the alleged ignition defect put the affected vehicles at risk of catching fire. To compensate him for his damages, Plaintiff seeks $100,000 in compensatory and punitive damages.

After filing his complaint, the United States Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order transferring Plaintiff's case to Multidistrict Litigation No. 2543. Plaintiff then moved to vacate the Panel's order pursuant to Panel Rule 7.1, which GM opposed. On February 2, 2018, the Panel issued an Order Vacating Conditional Transfer Order because the factual allegations in Plaintiff's complaint differ from those at issue in MDL No. 2543. Order Vacating Conditional Transfer Order, ECF No. 6. Specifically, the Panel explained that although the complaint mentions an ignition switch defect and Plaintiff alleges that GM knew about the ignition switch defect before issuing a recall, the recall notice attached to Plaintiff's complaint does not relate to the ignition switch recall at issue in MDL No. 2543. Id. at 1. For example, Plaintiff "does not allege, as plaintiffs in MDL No. 2543 do, that his vehicle experienced an unexpected shutoff, lost control, or that his airbags failed to deploy." Id.

Now, with Plaintiff's case again before this Court, the undersigned addresses Plaintiff's claim below.

### III. DISCUSSION

#### A. Legal Standard

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with her request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing *pro se* complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, the court may dismiss a case if the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it is without "an arguable basis either in law or fact." Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Cases should only be dismissed as frivolous when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims where the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The federal *in forma pauperis* statute allows a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass

4

v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

### B. Jurisdiction

If a federal "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court").

Plaintiff argues that this Court has jurisdiction over his claim pursuant to 28 U.S.C. § 1330. Section 1330 provides, in pertinent part, that "district courts . . . have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state . . . as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity . . . ." 28 U.S.C. § 1330. But here, Plaintiff has not named a foreign state (i.e., a foreign government) as a Defendant. See ECF No. 1. Nor does Plaintiff allege a cause of action against a foreign state. See generally id. Rather, Plaintiff's only alleged cause of action is against General Motors—a private

company based in the United States—who is the only named defendant. Because General Motors is not a foreign state, the undersigned concludes that this Court does not have jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1330. This, however, does not end the Court's analysis because diversity jurisdiction may exist pursuant to 28 U.S.C. § 1332.

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Second, the amount in controversy must exceed $75,000.00. Id. Based on the information in the complaint, Plaintiff is a citizen of West Virginia and Defendant is a citizen of Michigan, meaning complete diversity exists. See generally ECF No. 1. In addition, Plaintiff has alleged $100,000 in damages, which exceeds the amount-in-controversy requirement of $75,000. See id.; 28 U.S.C. § 1332. Because complete diversity exists and the amount in controversy exceeds $75,000, the undersigned concludes that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### C. Failure to State a Claim

Plaintiff's complaint fails to state a claim upon which relief can be granted for the same reasons that Plaintiff's case was removed from MDL No. 2543. Specifically, although Plaintiff mentions a recall for an ignition defect and alleges that GM was aware of said defect two months before issuing the recall notice, Plaintiff has not alleged any facts to suggest that his vehicle was destroyed because of an ignition defect. For example, Plaintiff "does not allege, as plaintiffs in MDL No. 2543 do, that his vehicle experienced an unexpected shutoff, lost control, or that his airbags failed to deploy." ECF No. 6 at 1. Instead, Plaintiff merely states that he was driving home from work

when he suddenly smelled smoke and his car was soon engulfed in flames. ECF No. 1 at 2. These facts, alone, are not enough to push Plaintiff's claim from conceivable to plausible. Further, the recall notice attached to Plaintiff's complaint is not related to GM's recall for ignition defects. See ECF No. 6 at 1; Exhibit 4, ECF No. 1-4; Exhibit 5, ECF No. 1-5. Nor does Plaintiff allege that his vehicle was destroyed because of the "15757 UNDER HOOD FIRE," the defect for which Plaintiff received a recall notice. ECF No. 1-5. Without more, Plaintiff's complaint simply does not raise a right to relief that is more than speculative. Accordingly, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted.

## IV. RECOMMENDATION

For the foregoing reasons, I find that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 5] for Leave to Proceed In Forma Pauperis be **DENIED** as moot.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff Kenneth Myers may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d

841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 7th day of March, 2018.

*[signature]*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE