IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KENNETH MYERS,**

        Plaintiff,

**v.**                                **CIVIL ACTION NO.: 3:17-CV-122 (GROH)**

**GENERAL MOTORS,**

        Defendant.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Pending before the Court is Plaintiff Kenneth Myers' ("Plaintiff") pro se Amended Complaint. By order dated October 10, 2018, Chief Judge Groh referred Plaintiff's Amended Complaint to the undersigned, designating and authorizing the undersigned to also reconsider Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 5]. ECF No. 26. Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Amended Complaint [ECF No. 25] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that Plaintiff's Complaint fails to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's Amended Complaint be dismissed, without prejudice, and Plaintiffs' motion to proceed *in forma pauperis* be denied as moot.

### II.  PROCEDURAL HISTORY & THE AMENDED COMPLAINT

In his original complaint, Plaintiff alleged that on August 30, 2017, Plaintiff was

driving to his home in Keyser, West Virginia, from work in Winchester, Virginia, where he was employed at Rubber Maid. Compl., ECF No. 1. During the roughly seventy-mile drive, Plaintiff noticed something burning under the hood of his 2002 Chevrolet Impala. Id. at 2. Suddenly, smoke started pouring into the cabin of his vehicle, causing him to choke. Id. The smoke was so intense that Plaintiff was forced to stop his car in the middle of the road and run for safety. Soon, Plaintiff's vehicle was engulfed in flames. Id. Plaintiff attached a variety of documents to his original complaint, including photographs of his car [ECF Nos. 1-1, 1-2, 1-3], a recall notice for recall number 15757 related to under hood fire [ECF No. 1-5], and several letters from General Motors' ("Defendant") Central Claims Unit [ECF No. 1-7].

On October 10, 2017, Plaintiff filed the original complaint alleging that Defendant knew about an alleged *ignition defect* two months before issuing a recall. ECF No. 1, at 2. Based on *that* allegation, the United States Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order transferring Plaintiff's case to Multidistrict Litigation No. 2543. However, Plaintiff moved to vacate the Panel's order, and on February 2, 2018, the Panel issued an Order Vacating Conditional Transfer Order because the factual allegations in Plaintiff's complaint differ from those at issue in MDL No. 2543. Order Vacating Conditional Transfer Order, ECF No. 6. Specifically, the Panel explained that although the complaint mentions an ignition switch defect and Plaintiff alleges that Defendant knew about the ignition switch defect before issuing a recall, the recall notice attached to Plaintiff's complaint does not relate to the ignition switch recall at issue in MDL No. 2543. Id. at 1. The Panel concluded that "Plaintiff's statement that his vehicle 'ignited' suggests that he misunderstood the meaning of the

ignition switch recall, and that his vehicle did not experience the defect at issue in the MDL." Id.

After the Panel vacated its Conditional Transfer Order, the undersigned reviewed Plaintiff's original complaint and recommended Plaintiff's original complaint be dismissed without prejudice because Plaintiff had failed to state a claim upon which relief could be granted. ECF No. 9. Chief Judge Groh adopted the undersigned's recommendation, and Plaintiff's original complaint was dismissed without prejudice. ECF No. 12. Plaintiff appealed the dismissal of his original complaint, and the Fourth Circuit instructed the District Court to allow Plaintiff to file an amended complaint. ECF No. 18. Chief Judge Groh then ordered Plaintiff to file an amended complaint on or before November 18, 2018. ECF No. 22. On October 9, 2018, Plaintiff filed his amended complaint (styled as a motion to amend the complaint). ECF No. 25.

In his amended complaint, Plaintiff alleges that he and his partner, Mr. Andrew, were traveling home from work on July 31, 2017 from the third shift "when suddenly right in the middle of the road, the car caught on firer[sic]." Id. at 1. Plaintiff alleges that the only thing he and Mr. Andrew had time to do was stop the car in the middle of the road and jump out. Id. Plaintiff asserts that just like General Motors Corp. v. McGee, 837 So.2d 1010 (Fla. App. 4th 2002), his "vehicle united[sic] into flames, just like hundred[sic] of thousands of vehicle [sic] made by [Defendant]" and that "this defect is not the first Lawsuit against [Defendant]."[1] Id.

---

[1] The undersigned also notes that Plaintiff's amended complaint alleges *exactly* $75,000 in damages, which would be insufficient to meet diversity jurisdiction under 28 U.S.C. § 1332(a). However, "a court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." Porsche Cars N. Am., Inc. v. Porsche.net, 302 F.3d 248, 255–56 (4th Cir. 2002) (quoting Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991)).

3

### III.  DISCUSSION

**A. Legal Standard**

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with his or her request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints."

---

Because the undersigned has previously concluded that, at the time this action was filed, the Court had diversity jurisdiction, the undersigned concludes that the Court continues to have jurisdiction over this case. See ECF No. 9, at 6.

Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, the court may dismiss a case if the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it is without "an arguable basis either in law or fact." Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Cases should only be dismissed as frivolous when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims where the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The federal *in forma pauperis* statute allows a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570.

Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

### B. Failure to State a Claim

Plaintiff's amended complaint fails to state a claim upon which relief can be granted. Plaintiff's amended complaint does not contain sufficient factual allegations to give Defendant fair notice of the claim against it and the grounds upon which that claim rests. See Twombly, 550 U.S. at 555. First, Plaintiff states that his case is like General Motors Corp. v. McGee. ECF No. 25, at 1. However, the facts in McGee dealt with a 1983 Oldsmobile that was defective because the gas tank was vulnerable to igniting the vehicle if a trailer tongue pierced the tank after striking the vehicle. McGee, 837 So.2d at 1015. It is unclear how that factual situation relates to Plaintiff's claim. Second, Plaintiff states that his vehicle just ignited into flames like hundreds of thousands of vehicles made by Defendant. ECF No. 25, at 1. Plaintiff may be referring to recall number 15757, see ECF No. 1-5, but his amended complaint in no way pleads that fact.

6

Finally, Plaintiff concludes that "this defect is not the first Lawsuit against General Motors." ECF No. 25, at 1. In addition to being a mere legal conclusion, this allegation provides no information whatsoever regarding Defendant's alleged misconduct. Defendant is an international corporation that is involved in many lawsuits at any one time regarding a wide array of disputes. Plaintiff provides no indication as to what lawsuit(s) to which he is referring. Taken as whole, Plaintiff's amended complaint simply leaves Defendant, and this Court, guessing as what Plaintiff's claim is and upon what grounds it rests.

While the undersigned must construe Plaintiff's amended complaint liberally, the amended complaint in this case fails to provide fair notice to Defendant of what Plaintiff's claim is and upon what grounds it rests. See Twombly, 550 U.S. 555. Accordingly, Plaintiff's amended complaint must be dismissed for failure to state a claim upon which relief can be granted.

## IV.     RECOMMENDATION

For the foregoing reasons, I find that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, I **RECOMMEND** that Plaintiff's Amended Complaint [ECF No. 25] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 5] for Leave to Proceed In Forma Pauperis be **DENIED** as moot.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff Kenneth Myers may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should

also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. <u>See</u> 28 U.S.C. § 636(b)(1); <u>Wright v. Collins</u>, 766 F.2d 841, 845-48 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 15th day of October, 2018.

/s/ Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE